## VALDIVIESO *v.* THE REGISTRAR OF PROPERTY.

## APPEAL from a decision of the Registrar of Property of Ponce.

### No. 103.—Decided October 19, 1911.

CANCELLATION OF MORTGAGE—RESERVABLE PROPERTY—HOLDERS OF MORTGAGE CREDIT AS SHOWN BY REGISTRY.—When a mortgage debtor desires to cancel a mortgage on his property he need only look to the present holders of the mortgage credit, the fact that the mortgage loan has the character of reservable property not barring the cancellation, for, even in this presumption, such rights are not acquired by definite parties until the death of the ascendants of the parties having the right to such reservable property.

The facts are stated in the opinion.

Mr. *José Tous Soto* for appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

Lucas P. Valdivieso acquired the estates "Buena Vista" and another subject to a mortgage in favor of various persons. Wishing to cancel the record against the estate he paid the persons who were named as creditors in deed No. 60 before the Notary Luis Yordán Dávila, of Ponce, and obtained from them a deed of release (*carta de pago*). When the release was presented to the registrar of Ponce he refused to record the same in its totality, because the credit share which belonged to Doña Mercedes Díaz, amounting to $2,530, and the credit share of $168 which belonged to Doña Flora Garzón, were, according to said deed No. 60, held as reservable property by each of said ladies in favor of their respective children, and that being such reservable property the record could not be canceled without the consent of the said children. It appears from the registry that the said ladies were two of the alienors of the said "Buena Vista," and that the purchasers made the aforedescribed mortgage in security for the payment of the deferred purchase money. Doña Mercedes Díaz acquired her interest from her deceased son, Francisco Costas Díaz, and Doña Flora Garzón acquired her in-

terest from her deceased daughter, María Guillermina Costas y Garzón.

We agree with the appellant, that the debtor seeking to cancel a record against his property need only look to the present holders of the mortgage credit. The two said ladies were the real creditors. It is true that upon the death of either of them their respective children might have a claim upon the money paid by the debtor. The said creditors, however, were the owners of the credits sought to be canceled and are the real representatives of whatever rights their children might have, such rights, it should be noticed, devolving only upon such heirs of the deceased children, Francisco Costas Díaz and Doña Guillermina Costas y Garzón, as might be living at the time of the death of their respective ascendants. No definite person could give his consent at this time as his rights would be a mere expectancy. The appeal is sustained and the release should be recorded.

*Reversed.*

Justices MacLeary, del Toro and Aldrey concurred.

Mr. Chief Justice Hernández did not take part in the decision of this case.